1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4

PAUL SCOTT KLEIN,                    )
                                     )         3:08-CV-00191-ECR (VPC)
5              Plaintiff,             )
                                     )
6       vs.                          )         **REPORT AND RECOMMENDATION**
                                     )         **OF U.S. MAGISTRATE JUDGE**
7    CLARK COUNTY SCHOOL             )
     DISTRICT, et al.,               )
8                                    )
               Defendants.           )         November 13, 2008
9    _____)

10       This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United

11   States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to

12   28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's "motion for a restraining

13   order prohibiting defendants from depriving plaintiff of his access to courts rights" (#20), and

14   plaintiff's supplement to this motion (#33). Defendant opposed both motions (#36 and #47).

15   Plaintiff did not reply to either opposition. For the reasons stated below, the court recommends

16   that plaintiff's motions (#20 and #33) be denied.

17                        **I. HISTORY AND PROCEDURAL BACKGROUND**

18       Plaintiff Paul Scott Klein ("plaintiff"), a *pro se* prisoner, is currently incarcerated by the

19   Nevada Department of Corrections ("NDOC") at Southern Desert Correctional Center ("SDCC")

20   (#27).  Plaintiff brought his original action pursuant to 42 U.S.C. § 1983, alleging that prison

21   officials violated his First Amendment right to free speech, his Eighth Amendment right against

22   cruel and unusual punishment, and his Fourteenth Amendment rights to equal protection and due

23   process while he was incarcerated at SDCC. *Id*. p. 9-49. Plaintiff also brings numerous state tort

24   claims, including assault, battery, sexual harassment, coercion of witnesses, witness tampering,

25   obstruction of justice, negligent release of confidential information about plaintiff, intentional

26   interference with plaintiff's interest in seclusion, false light, intentional infliction of emotional

27   distress, and intentional deprivation of plaintiff's civil rights. *Id*.  Plaintiff names as defendants

28   Reid Kimoto, principal of the Southern Desert Correctional Adult High School; Brian Williams,

SDCC warden, Cheryl Burson, SDCC associate warden; Jeffrey Patterson, SDCC associate warden; Lavert Taylor, Chaplain at SDCC; Vincent Hain,  Michael Maxfield, and Maryann Marsh, caseworkers at SDCC; Howard Skolnik, NDOC director; Leo Vath, maintenance worker at SDCC, Anthony Digiralamo, maintenance supervisor at SDCC; Paul Wheelock; David Grusman; Fred Tocco, former shop manager at SDCC, and Eric Burson, Roy Plumlee, William Shubert, James Figueroa, James Brill, David Magnum, Gina Hain, and Tracy Dory, correctional officers at SDCC

Plaintiff filed this motion for a temporary restraining order on July 24, 2008, and its supplement on August 4, 2008. In his original TRO motion, which was written on toilet paper, plaintiff alleges that defendants have confiscated all of his legal papers, books, and office supplies in retaliation for his filing of the instant lawsuit, and that defendants are therefore restricting his access to court, and requests the court to order defendants to return plaintiff's legal materials and pens (#20). In his supplement, alleges that defendants are planning to transfer him to Ely State Prison, which is at an elevation of over 6,000 feet, even though it is detrimental to plaintiff's health to be housed at an elevation over 4,000 feet (#33). Plaintiff requests that the court grant "a further TRO prohibiting Defendants from having Plaintiff transferred to any prison above 4000 feet in elevation." *Id*., p. 3.

The court notes that plaintiff is proceeding *in pro se*.  "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.    DISCUSSION & ANALYSIS

### A.    Discussion

#### 1.    Preliminary Injunction

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to

correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief... .

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). Alternatively, the moving party may demonstrate *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor. *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003). The Ninth Circuit has stated that these alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to [the party seeking the preliminary injunction,] the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813. A prohibitory injunction preserves the status quo while litigation is pending, while a mandatory injunction provides preliminary relief well beyond maintaining that status quo. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id.* (quoting *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

### 2.    Temporary restraining order

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *Brown Jordan Intern., Inc., v. Mind's Eye*, 236 F. Supp.2d 1152, 1154 (D. Haw. 2002). Moreover, it is appropriate to treat a non-*ex parte* motion for a temporary

1  restraining order and preliminary injunction as a motion for a preliminary injunction. *See* 11A

2  Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE CIV. 2d § 2951 (2007) ("When

3  the opposing party actually receives notice of the application for a restraining order, the procedure

4  that is followed does not differ functionally from that on an application for a preliminary

5  injunction and the proceeding is not subject to any special requirements.").

6       **3.**  **Mootness**

7    "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing

8  controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 528

9  (1988). "Mootness is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case

10  that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 f.3d 732,

11  745 (9th Cir. 2003), *quoting Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th cir. 1999).

12  "If there is no longer a possibility that [a litigant] can obtain relief for his claim, that claim is

13  moot and must be dismissed for lack of jurisdiction." *Id.*, *quoting Ruvalcaba v. City of Los*

14  *Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

15     **B.**  **Analysis**

16    As to plaintiff's first motion for a TRO, defendants argue that the motion is moot because

17  plaintiff's legal files were returned to him, and plaintiff has admitted as much (#36, referring to

18  #22, p. 5). As to plaintiff's supplement to his motion for a TRO, defendants argue that plaintiff's

19  motion is moot because plaintiff is not being transferred to ESP, and that even if he were

20  transferred, plaintiff's motion should be denied because plaintiff has no constitutional right to be

21  housed in a specific institution (#47, p. 3).

22       **1.**  **Mootness**

23    Plaintiff's first motion is brief. However, it appears that plaintiff requests that the court

24  order defendants to return his legal materials (#20). Shortly after filing the instant motion,

25  plaintiff filed two subsequent motions, one requesting that the court order defendants to

26  "photograph and document the condition and status of plaintiff's legal files and property seized

27  and returned by defendants," and one requesting an evidentiary hearing (#22). In these motions,

28  plaintiff stated that defendants returned his property on July 18, two days after he sent his TRO

4

1  motion. However, plaintiff complained that at least sixteen pages of legal documentation were

2  not returned. The court has previously ordered that plaintiff does not have a right to have these

3  sixteen pages returned or copied because they contain the home addresses of NDOC personnel

4  (#59, p.1). The court also found that plaintiff's access to the courts had not been frustrated in any

5  way. *Id.* p. 2. All of plaintiff's other legal materials have been returned to him, making his motion

6  moot. Therefore, plaintiff's motion for a restraining order is denied as moot.

7          Plaintiff's supplemental motion is not a true supplement to his first motion for a

8  restraining order. Rather, it raises new issues unrelated to plaintiff's access to the court. In his

9  supplement, plaintiff asks the court to enjoin defendants from transferring him to any facility over

10  4,000 feet in elevation (#33). Plaintiff has chronic obstructive pulmonary disease and claims that

11  his life expectancy will be reduced by fifty percent if he is housed over 4,000 feet. Plaintiff

12  alleges that defendants are attempting to transfer him to Ely State Prison, which is at an elevation

13  over 6,000 feet, in retaliation for his commencement of multiple cases. *Id.* p. 2-3. Plaintiff claims

14  that such a transfer would "kill him by slow suffocation," and, therefore, requests the court grant

15  an additional TRO to enjoin the defendants from transferring plaintiff to any facility over 4,000

16  feet. Defendants argue that plaintiff is not being transferred, and his motion is therefore moot

17  (#47). Defendants state that while plaintiff was initially approved for a transfer, he was removed

18  from the transfer list because of medical concerns. *Id.* p. 3 and exh. A ("I/M was approved to be

19  sent to ESP, but due to COPD, he was scratched by medical"). Based on the evidence presented

20  by defendants (#47, exh. A), it is clear that defendants are no longer planning to transfer plaintiff.

21  Therefore, plaintiff's supplemental motion is moot and as such, is denied.[1]

22                  **2.      Temporary Restraining Order**

23          Even disregarding the mootness of plaintiff's motions, plaintiff has not met the

24  preliminary injunction requirements. Plaintiff has not demonstrated a likelihood of success on the

25  merits. Further, plaintiff has not shown irreparable injury because his legal materials have been

26  _____

27          [1]Defendants also assert that plaintiff has no constitutional right to be housed in a specific
    location, and therefore, the court cannot enjoin NDOC from transferring plaintiff. *Id.* p. 3-4. As the

28  court has found that plaintiff's motion is moot and that plaintiff has not met the preliminary
    injunction standard, the court declines to address this argument.

returned and he is not being transferred. Therefore, plaintiff's motions are denied.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff's motion and supplemental motion for a retraining order are moot because plaintiff's legal materials were returned and plaintiff is not being transferred. As such, the court recommends that plaintiff's motions be **DENIED**.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a restraining order (#20) and its supplement (#33)  be **DENIED**.

**DATED:** November 14, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**