**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL S. KLEIN, | 3:08-CV-00191-ECR-VPC |
|     Plaintiff, | **Order** |
| vs. | |
| HOWARD SKOLNIK, et al., | |
|     Defendants. | |

This is a civil rights case initiated by Plaintiff pursuant to 42 U.S.C. § 1983 scheduled for bench trial on February 14, 2012. Only one count for deprivation of procedural due process rights remains relating to a disciplinary hearing which took place on August 18, 2007 brought against Defendant Correctional Officer Brill. Defendants concede liability in this action for depriving Plaintiff of his due process right to receive twenty-four hours' notice of disciplinary charges against him. The following motions in limine have been fully briefed and are ripe for the Court's determination.

**I. Defendants' Motion in Limine to Dismiss Extraneous Defendants (#297)**

Defendants submitted a Motion in Limine to Dismiss Extraneous Defendants (#297) on May 4, 2011. Plaintiff did not respond.

1    Defendants seek to dismiss the following Defendants against
2 whom no claims for relief exist: Eric Burson, Anthony DiGiralmo,
3 James Figueroa, David Grusman, Vincent Hain, Michael Maxfield,
4 Jeffrey Patterson, Roy Plumlee, Lavert Taylor, Howard Skolnik, Leo
5 Vath, Paul Wheelock, and Gina Hain.  Defendants argue that this
6 would leave only the Defendants who were actually involved in the
7 facts underlying Plaintiff's one remaining claim for violation of
8 his procedural due process right to notice.
9    The Court notes that the dismissal of defendants is not a
10 proper subject for a motion in limine but for a motion to dismiss.
11 Further, it is very late in the proceedings to seek to dismiss
12 defendants.  However, Plaintiff has not responded to the motion and
13 therefore consents to its granting pursuant to Local Rule 7-2(d) and
14 the Court is satisfied that the relevant Defendants will remain in
15 the action.  For this reason, Defendants' motion (#297) will be
16 granted and the Defendants delineated above dismissed from the
17 action.  The remaining Defendants in this action are Tracy Dory,
18 Cheryl Burson, James Brill, Maryann Marsh, David Magnum, and Brian
19 Williams.

21    **II. Plaintiff's Motion in Limine to Exclude Plaintiff's I File,**
22         **Sentence Structure Records, and NOTIS Records (#298)**
23    On May 11, 2011, Plaintiff filed a Motion in Limine (#298), in
24 which he objects to the admission of evidence pertaining to his "I
25 File," "Sentence Structure Records," and "NOTIS Records."  On May

28                                    2

27, 2011, Defendants opposed (#303) Plaintiff's Motion in Limine (#298).

Plaintiff argues that evidence about his "sentence structure," that is, evidence showing that he is serving a sentence for life without possibility of parole, is irrelevant and prejudicial. Defendants respond that Plaintiff's sentence is relevant to the issue of damages, because Plaintiff is seeking compensation for his temporary loss of statutory "good time" credits. Defendants contend that the temporary loss of the "good time" credits did not result in any actual harm to Plaintiff, and therefore, Defendants should have an opportunity to present evidence of Plaintiff's sentence. In the event Plaintiff were to abandon this claim by notice no less than five days prior to trial, then it appears that evidence of his "sentence structure" would not be relevant and therefore inadmissible. However, because Defendants have demonstrated the relevancy of Plaintiff's sentence, Plaintiff's Motion (#298) with respect to his "sentence structure records," will be denied on this basis.

Plaintiff also argues that records of his previous disciplinary history are vague, irrelevant, and unreliable. Plaintiff's Motion (#298) to exclude such evidence is itself vague and premature. The Court is unable to determine what evidence Defendants intend to produce at trial, and what Plaintiff specifically objects to, based on Plaintiff's Motion (#298). Rather than issuing a blanket ruling at this time with respect to all records, as Plaintiff requests, the

3

1   Court shall deny Plaintiff's Motion (#298) and address the issue
2   during trial if the need arises.

**III. Defendants' Motion in Limine to Preclude Plaintiff From Seeking Compensatory Damages or Damages for Emotional Suffering (#299)**

Defendants submitted their Motion in Limine (#299) on May 12, 2011. Plaintiff responded on June 3, 2011, and Defendants replied (#309) on June 13, 2011.

Defendants have conceded liability in this action for depriving Plaintiff of his due process right to receive twenty-four hours' notice of disciplinary charges against him. The only issue for trial is the amount of damages to which Plaintiff is entitled for this deprivation. The amended complaint (#12) requests separate damages for "willful and deliberate physical and emotional distress" in addition to compensatory, nominal, and punitive damages. Defendants do not attack Plaintiff's request for nominal and punitive damages.

Plaintiff has not alleged or produced any evidence of having suffered a physical injury as a result of the constitutional deprivation at issue. Accordingly, Plaintiff cannot recover damages for physical injury. Furthermore, the Prison Litigation Reform Act ("PLRA") precludes an inmate from recovering monetary damages for mental and/or emotional injuries absent a showing of physical injuries. 42 U.S.C. § 1997e(e); see also Oliver v. Keller, 289 F.3d 623, 639 (9th Cir. 2002). For this reason, Plaintiff is barred from seeking compensation for any emotional injury.

4

Defendants argue that Plaintiff cannot seek compensation for the approximately fifty dollars in lost wages or other losses of privileges. Defendants conflate the issues of liberty interest and provable injury. Defendants are correct in noting that Plaintiff has no liberty interest in prison employment and other privileges and therefore cannot bring a due process claim on the basis of these deprivations. However, Defendants have presented no argument as to why Plaintiff should be denied compensation for these injuries visited upon him as a result of the deprivation of his constitutional right to notice prior to his disciplinary proceeding. Once a constitutional violation is found, a plaintiff must be awarded compensatory damages in an amount appropriate to compensate a plaintiff for any damages he sustained as a direct result of the conduct of defendants. Smith v. Wade, 461 U.S. 30, 52 (1983). Therefore, Defendants' motion (#299) will be granted as to damages for physical and emotional injury only, and denied as to other forms of compensatory damages.

**IV. Defendants' Motion in Limine to Exclude Argument or Evidence Concerning Plaintiff's Allegations That SDCC Officials Retaliated Against Him and Lost His Property on or Around July 11, 2008 (#318)**

Defendants submitted the motion in limine (#318) on August 12, 2011. Plaintiff did not respond.

Defendants seek to preclude all argument or evidence regarding allegations of retaliation because the amended complaint (#12) was filed before the alleged retaliatory events took place and therefore

5

does not contain a claim for retaliation.  Further, the Magistrate Judge (#118) denied Plaintiff's motion for leave to amend the complaint (#83) to include a claim for retaliation for which he seeks $5,000 in compensation for his confiscated personal property.  The Court again finds that the retaliation claims are unrelated to the one surviving claim in this action for deprivation of the due process right to notice of the disciplinary proceeding against Plaintiff, and Plaintiff will not be allowed to argue or present evidence in this regard.  Further, Plaintiff has not responded to Defendants' motion (#318) and therefore has consented to its granting according to Local Rule 7-2(d).  For the foregoing reasons, Defendants' Motion in Limine (#318) must be granted.

## **V. Conclusion**

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion in Limine to Dismiss Extraneous Defendants (#297) is **GRANTED**.  The following Defendants are **DISMISSED** from the action: Eric Burson, Anthony DiGiralmo, James Figueroa, David Grusman, Vincent Hain, Miachael Maxfield, Jeffrey Patterson, Roy Plumlee, Lavert Taylor, Howard Skolnick, Leo Vath, Paul Wheelock, and Gina Hain.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (#298) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Plaintiff from Seeking Compensatory Damages or Damages for Emotional Suffering (#299) is **GRANTED** in part and **DENIED** in part.

Plaintiff will be precluded from seeking damages for emotional suffering, but will be allowed to seek other compensatory damages.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Argument or Evidence Concerning Plaintiff's Allegation That SDCC Officials Retaliated Against Him and Lost His Property on or Around July 11, 2008 (#318) is **GRANTED**.

DATED: January 31, 2012.

_____
UNITED STATES DISTRICT JUDGE