# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAUL S. KLEIN, | 3:08-CV-00191-LRH-VPC |
| Plaintiff, | ORDER |
| vs. | |
| HOWARD SKOLNIK, et al., | |
| Defendants. | |

This is a pro se prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. Following a bench trial on February 14, 2012, the Court entered judgment (#355) in favor of Defendants and against Plaintiff, finding that no due process violation occurred. On March 2, 2012, Plaintiff filed a notice of appeal (#358) as to the Court's Order (#201) of September 24, 2009 and the entry of judgment (#355). Now pending before the Court is Plaintiff's motion for a certificate of appealability (#359).

Plaintiff does not need a certificate of appealability. The requirement for a certificate of appealability applies to claims for habeas corpus relief, rather than to civil rights claims arising under 42 U.S.C. § 1983. See Dalluge v. U.S. Dep't of Justice, No. C11-5037RBL, 2011 WL 1675407, at *1 (W.D. Wash. May 4, 2011) ("As this case was brought pursuant to 42 U.S.C. § 1983, there is no requirement for a certificate of appealability."); Jenkins v. Caplan, No. C 02-5603 RMW (PR), 2010 WL 3057410, at *1 (N.D. Cal. Aug. 2, 2010) ("[A] Certificate of Appealability is inapplicable to a § 1983 action."); Moore v. Hindmarch, No. CV 09-1461-PHX-GMS (JRI), 2010 WL 3283567, at *1

1  (D.Ariz. Aug. 18, 2010) ("[A} certificate of appealability is not required to appeal the dismissal and
2  entry of judgment in a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983.").

3  **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion for a certificate of
4  appealability (#359) is **DENIED** as moot.

6  DATED this 16th day of May, 2012.

8  _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE